Adam M. Satnick, California State Bar No. 302326
(adam@satnicklau.com)
Benson K. Lau, California State Bar No. 287429
(benson@satnicklau.com)
**SATNICK LAU LLP**
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone:    (310) 356-8472
Facsimile:    (310) 436-4969

Attorneys for Jian Na Wu

# THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAN NA WU, an individual, | Case No.: 2:19-cv-04162 PSG(JPRx) |
| Plaintiff, | **NOTICE OF MOTION AND MOTION FOR WITHDRAWAL OF ADAM M. SATNICK, ESQ., AND BENSON K. LAU, ESQ., AS ATTORNEYS OF RECORD FOR PLAINTIFF JIAN NA WU** |
| vs. | |
| OREGON TRAIL CORPORATION, a California corporation; AIM UNITED LLC, a California limited liability company; SOUNDMIND ENTERPRISES LLC, a California limited liability company doing business as UR FRIENDLY MOVER; ERIC MARK, an individual; RYAN MARK, an individual; CHRIS MARK, an individual doing business as FAR WEST REALTY; BRIAN ANGEL, an individual; JASON ROSSO, an individual; WESLEY ROSSO, an individual; JOSHUA MEDINA, an individual; and DOES 1 through 100, inclusive, | Date: Monday, March 16, 2020<br>Time: 1:30 p.m.<br>Courtroom: 6A (Hon. Philip S. Gutierrez) |
| Defendants. | |

**PLEASE TAKE NOTICE** that on Monday, March 16, 2020, at 1:30 p.m., in

Courtroom 6A located at the First Street Courthouse, 350 West 1st Street, 6th Floor,

Los Angeles, California 90012, Adam M. Satnick, Esq., and Benson K. Lau, Esq.,

*Side text (vertical):* SATNICK LAU LLP, 11755 Wilshire Blvd., Suite 1250, Los Angeles, CA 90025, Telephone: (310) 356-8472

1

1   attorneys of record for Plaintiff Jian Na Wu will move for an order permitting them to

2   withdraw as attorneys of record in this action pursuant to United States District Court

3   Central District of California Local Rule ("L.R.") 83-2.3.2.

4        This Motion is based on this Notice of Motion and Motion, the accompanying

5   Memorandum of Points and Authorities, court records and files, the accompanying

6   declaration of Adam M. Satnick, Esq., and upon such other matters that the Court may

7   consider at the hearing on the Motion.

8

9

10   DATED: 1/23/2020                    SATNICK LAU LLP

11

12                              By: _____

13                                  ADAM M. SATNICK
                                    BENSON K. LAU
14                                  Attorneys for Jian Na Wu

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SATNICK LAU LLP
11755 Wilshire Blvd, Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

2

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3      Adam M. Satnick, Esq., and Benson K. Lau ("Attorneys") bring this motion to

4   be relieved as counsel because there has been a irreparable break down in the attorney

5   client relationship between the Attorneys, on the one hand, and Plaintiff Jian Na Wu

6   ("Mr. Wu") and his agent, Helen Fung ("Ms. Fung"), on the other hand.

7      The breakdown in the relationship is threefold: (1) Mr. Wu and Ms. Fung insist

8   that Attorneys engage in conduct contrary to Attorneys' independent professional

9   judgment; (2) Mr. Wu and Ms. Fung have made it unreasonably difficult for Attorneys

10  to carry out representation effectively; (3) Mr. Wu and Ms. Fung are in violation of

11  Attorneys' "Expenses" and "Cooperation" clauses in the parties' professional services

12  agreement.

13

## II.   STATEMENT OF FACTS

14     Attorneys initiated this lawsuit on behalf of Mr. Wu after Ms. Fung contacted

15  Attorneys in late April 2019. [Declaration of Adam M. Satnick, Esq. ("Satnick Dec.")

16  ¶2].

17     Mr. Wu lives in China. Ms. Fung is Mr. Wu's agent with respect to this litigation.

18  Ms. Fung is a liaison between Attorneys and Mr. Wu. Ms. Fung translates documents

19  for Mr. Wu, relays messages between Attorneys and Mr. Wu, and has authority to sign

20  documents on Mr. Wu's behalf and bind him to agreements. [Satnick Dec. ¶3].

21     On May 4, 2019, Mr. Wu and Ms. Fung executed Attorneys' professional

22  services agreement, which among other things, contained certain obligations

23  concerning costs and expenses as well as obligations arising out of Attorneys'

24  "Cooperation" clause. [Satnick Dec. ¶4].

25     This case is not fully at issue. Only two out of the ten originally named

26  defendants have answered. Eight defendants are in default, though one is disputing its

27  default status. Six defendants were recently added in a first amended complaint but

28  have not yet been served. Trial is over 160 days away and only minimal discovery has

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

1   been conducted due to the primary defendants' defaults. [Satnick Dec. ¶5].

2       After six months of diligent representation, it is clear that Attorneys' relationship

3   with Mr. Wu and Ms. Fung is unable to continue due to an irreparable breakdown in

4   attorney-client relationship. [Satnick Dec. ¶6].

5   **III.   DISCUSSION**

6       **A.    Attorneys Must Disclose Only As Much As Reasonably Necessary**

7   **To Demonstrate Need To Withdraw**

8       Attorneys are bound to preserve client confidences even when seeking to be

9   relieved as counsel. California Rule of Court 3.1362(c)—attorney's declaration in

10  support of withdrawal motion cannot compromise attorney-client confidentiality;

11  California Rule of Professional Conduct ("CRPC") 1.16(d) (formerly CRPC 3-

12  700(A))—attorney withdrawal must not prejudice client; San Diego Bar Ass'n

13  Form.Opn. 1990-2—duty of confidentiality applies to both mandatory and permissive

14  withdrawal under former rule; Cal. State Bar Form.Opn. 2015-192 (decided under

15  former rule)—attorney may disclose to court only as much as reasonably necessary to

16  demonstrate need to withdraw.

17      Here, despite the breakdown in Attorneys' relationship with Mr. Wu and Ms.

18  Fung, Attorneys' endeavor to protect their confidences and preserve the attorney-client

19  privilege while sufficiently demonstrating good cause to withdraw. [Satnick Dec. ¶7].

20      **B.    Good Cause Exists To Permit Attorneys To Withdraw**

21      L.R. 83-2.3.2 provides that "An attorney may not withdraw as counsel except by

22  leave of court. A motion for leave to withdraw must be made upon written notice given

23  reasonably in advance to the client and to all other parties who have appeared in the

24  action. The motion for leave to withdraw must be supported by good cause. Failure of

25  the client to pay agreed compensation is not necessarily sufficient to establish good

26  cause."

27      Federal courts generally look to applicable state rules of professional conduct in

28  deciding matters concerning withdrawal. Rutter Group Prac. Guide Fed. Civ. Pro.

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

4

Before Trial Ch. 12-G.

**1.      Attorneys are being prevented from exercising independent professional judgment.**

CRPC 2.1 specifies that a lawyer must exercise independent professional judgment in representing a client.

Mr. Wu and Ms. Fung are preventing Attorneys' from exercising independent professional judgment with respect to litigation strategy. Mr. Wu and Ms. Fung are not attorneys. Their apparent difficulty to understand concepts of jurisprudence such as burdens of proof, evidence, credibility, remedies, and damages, has resulted in their making demands of Attorneys that are untenable or impossible to carry out. [Satnick Dec. ¶8].

Attorneys are unable to exercise independent professional judgment because Mr. Wu and Ms. Fung tend to impose their wills on Attorneys, resulting in lengthy argument concerning the merits, viability, and ethical implications of purported legal strategy. Attorneys are forced to "walk-the-line" between the clients' unreasonable or impossible instruction and demand, and what Attorneys believe to best for the case in their independent professional judgment. [Satnick Dec. ¶9].

**2.      Mr. Wu and Ms. Fung have rendered it unreasonably difficult for Attorneys to carry out representation effectively.**

Withdrawal is permitted where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." CRPC 1.16(b)(4) (formerly CRPC 3-700(C)(1)(d)).

A withdrawal motion may properly be based simply on a personality clash with the client. The breakdown in the attorney-client relationship is ground for allowing the attorney to withdraw. *Estate of Falco v. Decker* (1987) 188 Cal.App.3d 1004, 1014.

Attorneys are no longer able to effectively communicate with Ms. Fung due to differences in opinion concerning the evidence of the case, its merits, parties, litigation strategy, and timing. Ms. Fung refuses to listen to Attorneys, speaks over them, and

Satnick Lau LLP
11755 Wilshire Blvd, Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

1   flatly ignores what they are telling her. [Satnick Dec. ¶10].

2   Ms. Fung also refuses to allow Attorneys to communicate directly with Mr. Wu.

3   [Satnick Dec. ¶11]. (Several ethics opinions have concluded that a lawyer's inability to

4   locate the client is cause for withdrawal under CRPC 1.16(b) (formerly CRPC 3-

5   700(B)). Cal. State Bar Form.Opns. 1989-111, 2002-160 (decided under former rule);

6   Los Angeles Bar Ass'n Form.Opn. 441 (1987) (decided under former rule); see also

7   *Sampson v. State Bar* (1974) 12 Cal.3d 70, 82; *Bodisco v. State Bar* (1962) 58 Cal.2d 495,

8   497—where attorney cannot locate client to discuss settlement offer, attorney may not

9   settle the matter and may be obligated to seek permission under former rule to

10  withdraw from case.)

11  Due to this breakdown in communication, Attorneys have effectively lost

12  contact with the primary client, Mr. Wu.

13  **3.    Mr. Wu and Ms. Fung breached material terms of the parties'**

14  **professional services agreement.**

15  A lawyer is permitted to withdraw if the client "breaches a material term of an

16  agreement with, or obligation, to the lawyer relating to the representation, and the

17  lawyer has given the client a reasonable warning after the breach that the lawyer will

18  withdraw unless the client fulfills the agreement or performs the obligation." CRPC

19  1.16(b)(5) (eff. 11/1/18) (formerly CRPC 3-700(C)(1)(f)).

20  Mr. Wu and Ms. Fung breached the "Expenses" and "Cooperation" clauses in

21  the parties' professional services agreement. The parties' professional services

22  agreement contains an "Expenses" clause that requires reimbursement of attorney-

23  advanced costs and expenses. Due to a breach of this clause, Attorneys are no longer

24  able or willing to advance the costs and expenses of this suit. To continue to do so

25  would become so burdensome for Attorneys that their practice could be severely

26  harmed. [Satnick Dec. ¶12].

27  In addition, Mr. Wu and Ms. Fung violated the parties' "Cooperation" clause by

28  failing to disclose certain information that is relevant to their claims. [Satnick Dec. ¶13].

6

SATNICK LAU LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

1    Attorneys gave notice of these breaches on January 8, 2020, but neither Mr. Wu
2    nor Ms. Fung have taken any action to address them. [Satnick Dec. ¶14].

3    **C.    Mr. Wu and Ms. Fung Will Not Be Prejudiced By Attorneys'**
4    **Withdrawal, Nor Will Withdrawal Cause Delay In Prosecution**

5    The timing of Attorneys' withdrawal will not cause any prejudice to Mr. Wu or
6    Ms. Fung, or cause delay in the prosecution of this action.

7    As of the filing of this motion, the case is not yet fully at issue. The majority of
8    the defendants are in default. The newly added defendants need only be served. Trial is
9    over 160 away. It is also likely that the trial will need to be continued. [Satnick Dec. ¶5].

10   Despite Ms. Fung's stonewalling Attorneys from contacting Mr. Wu directly, on
11   January 23, 2020, Attorneys sent a letter to Mr. Wu's last known address directly
12   informing him, of among other things, his obligation to appear pro se if he cannot find
13   a substitute attorney under L.R. 83.2.3.3, the status of the case, upcoming important
14   deadlines, opposing counsels' contact information, and furnishing a copy of the Court's
15   scheduling order. [Satnick Dec. ¶15].

16   In short, Attorneys have prepared the case for a smooth handoff to either Mr.
17   Wu, pro se, or new counsel. The case can be picked up without delay and prosecution
18   can continue forthwith with a clear path forward concerning pleadings, discovery, and
19   trial preparation with ample time.

20   **IV.   CONCLUSION**

21   Representation has become so mentally, monetarily, and professionally onerous
22   that the breakdown in the attorney-client relationship is irreparable. Attorneys are
23   simply unable to continue effectively representing Mr. Wu and Ms. Fung for the
24   reasons set forth herein and respectfully request that the Court grant their motion for
25   withdrawal.

26
27
28

7

1

DATED:  1/23/2020                          **SATNICK LAU LLP**

2

3

By: _____

4

ADAM M. SATNICK
BENSON K. LAU

5

Attorneys for Jian Na Wu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SATNICK LAU LLP**
11755 Wilshire Blvd, Suite 1250
Los Angeles, CA 90025
Telephone: (310) 356-8472

8