UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

73(3/2 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4162 PSG (JPRx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | Jian Na Wu v. Oregon Trail Corporation, Inc. et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**  Order GRANTING Plaintiff's counsel's motion to be relieved as counsel of record

Before the Court is a motion to be relieved as counsel of record for Plaintiff Jian Na Wu ("Plaintiff") filed by Adam M. Satnick, Esq., and Benson K. Lau, Esq., ("Counsel"). *See* Dkt. # 73 ("*Mot.*"). Plaintiff and non-party Helen Fung ("Fung") oppose.[1] *See* Dkt. # 78 ("*Opp.*"). Defendants AIM United LLC and Brian Angel filed a response. *See* Dkt. # 79 ("*Response*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** the motion to be relieved as counsel of record.

I.  Legal Standard

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court." L.R. 83-2.3.2. In considering a request to withdraw, courts weigh "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008). "The motion for leave to withdraw must be supported by good cause." L.R. 83-2.3.2. The Local Rules also impose procedural requirements. In particular, "[a] motion for leave to withdraw must be made upon written notice

---

[1] In the opposition, Plaintiff requests that the Court make Fung a party. An opposition to Counsel's motion is not the proper mechanism through which to add a party. If Plaintiff wishes to make Fung a party, he should move for leave to amend his complaint under Federal Rule of Civil Procedure 16 because the deadline to add parties and amend pleadings passed on November 27, 2019. *See* Dkt. # 57.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4162 PSG (JPRx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | Jian Na Wu v. Oregon Trail Corporation, Inc. et al. | | |

given reasonably in advance to the client and to all other parties who have appeared in the action." *Id.*

Courts also consider California State Bar Rule of Professional Conduct 3-700 ("Rule 3-700") in determinations of requests to withdraw. *See Austin Inv. Fund, LLC v. United States*, No. SACV 11-750 DOC (ANx), 2011 WL 4947550, at *1 (C.D. Cal. Oct. 17, 2011) (factoring in Rule 3-700(C) in ruling on motions to withdraw). When there are matters pending, Rule 3-700(C) allows an attorney to withdraw only in particular situations, such as when the client "renders it unreasonably difficult for the member to carry out the employment effectively," or "breaches an agreement or obligation to the member as to expenses or fees." Cal. R. Prof. Conduct 3-700(C)(1)(d), (f).

II.     Discussion

Counsel's motion has satisfied the substantive and procedural requirements for obtaining leave to withdraw from this action. First, Counsel asserts convincing reasons for withdrawal. Rule 3-700(c)(1)(5) permits withdrawal when a client renders it unreasonably difficult for counsel to carry out the representation. *Id.* 3-700(c)(1)(5). Here, Counsel seeks to withdraw because they are being prevented from exercising their independent judgment, Plaintiff and Fung have rendered it unreasonably difficult for them to carry out the representation, and Plaintiff has breached material terms of the parties' professional services agreement. *Mot.* 4–6. Counsel reports that Fung often engages "in lengthy argument concerning the merits, viability, and ethical implications of purported legal strategy," which prevents them from acting independently. *See id.* 4:12–17. Fung prevents Counsel from communicating directly with Plaintiff; as a result, they have not spoken with Plaintiff since May 2019. *See Declaration of Adam M. Satnick, Esq.*, Dkt. # 73-1 ("*Satnick Decl.*"), ¶ 11. Lastly, Plaintiff has not complied with provisions in the professional services agreement that require them to reimburse Counsel for any advanced expenses and disclose information relevant to their claims. *See id.* ¶¶ 12–13. Taken together, the Court is satisfied that Counsel has demonstrated good cause for withdrawal.

Second, it does not appear that withdrawal would cause prejudice to other litigants, as the served Defendants indicate that they do not object to withdrawal. *Response* 2:5–16. Defendants only request that Plaintiff provide a service address, which the Court so orders below. *See id.*

Third, Counsel's withdrawal would not harm the administration of justice. Counsel suggests that the relationship with Plaintiff and Fung is unsustainable and irreparable, which indicates to the Court that Counsel's continuing representation of Plaintiff would not advance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4162 PSG (JPRx) | Date | February 24, 2020 |
|---|---|---|---|
| Title | Jian Na Wu v. Oregon Trail Corporation, Inc. et al. | | |

the pending litigation. *See generally Mot.* Plaintiff and Fung argue that Counsel must repair the damage that they caused when they only gave them two days to find another attorney and failed to serve summonses to seven new defendants. *See Opp.* 1:25–2:6. However, as the letter from Counsel to Plaintiff and Fung shows, Counsel apprised Fung that she had five days (rather than two) from the date of the letter to sign a deposition transcript (rather than find a new attorney), and Plaintiff had a month to send summonses to the new defendants after withdrawal. *See id.*, Ex. 1 ("*Letter*"). Thus, despite Plaintiff's objections, withdrawal would not harm the administration of justice. *See Hershey v. Berkeley*, No. EDCV 07-689 VAP (JCRx), 2008 WL 4723610, at *1–2 (C.D. Cal. Oct. 24, 2008) (granting motion to withdraw because of the plaintiff's non-responsiveness and lack of cooperation with counsel which prevented counsel from proceeding with prosecution, resulting in a breakdown of the attorney-client relationship).

Fourth, Counsel's withdrawal would not cause significant delay. Plaintiff has filed a first amended complaint and has engaged in discovery with the served parties. *See* Dkts. # 55, 63. The served Defendants have filed a motion for summary judgment that is set for hearing on April 20, 2020, with Plaintiff's opposition due on March 30, 2020. *See* Dkt. # 87. However, Counsel put Plaintiff on notice that he needed to find new counsel on January 20, 2020 when they sent Plaintiff a letter terminating their relationship. *See Letter*. Moreover, trial is not scheduled until July 2020, *see* Dkt. # 58, and withdrawal at this point allows Plaintiff adequate time to retain new counsel and get new counsel up to speed before the trial date. *See Saemie Corp. v. Coddington*, SACV 10-1251 DOC PJWx, 2011 WL 4964834, at *2 (C.D. Cal. Oct. 19, 2011) (granting a motion to withdraw that was filed six months prior to trial date). Thus, the Court concludes that Counsel has satisfied the substantive requirements necessary to withdraw their representation of Plaintiff in this action.

Finally, the Court is satisfied that Counsel has complied with all applicable rules of professional responsibility and conduct.

III. Conclusion

For the foregoing reasons, the Court **GRANTS** Counsel's motion to be relieved as counsel for Plaintiff. The Court also **ORDERS** Counsel to submit to the Clerk's office the most recent contact information for Plaintiff.

**IT IS SO ORDERED.**